IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

KIM AND THOMAS BROOME, )
)
    Plaintiffs, )
)
)
v. ) No. 2:14-CV-156
)
NATIONAL UNION FIRE INSURANCE )
COMPANY OF PITTSBURGH, PA, *et al.* )
)
    Defendants. )

## **ORDER**

    Before the Court is the Plaintiffs' Motion to Dismiss Without Prejudice [doc. 100]. For the reasons stated herein, Plaintiff's Motion [doc. 100] is **GRANTED**.

    Rule 41(a)(1) provides plaintiffs an absolute right of dismissal where "the opposing party" has not served either an answer or a motion for summary judgment. Where an answer or motion for summary judgment has been filed, Rule 41 requires plaintiffs to seek an order of the court. Plaintiffs previously filed a notice of dismissal [doc. 98], which this Court denied [doc. 99] because one of the parties, Healthextras, LLC, had already filed an answer in this case. Plaintiffs now ask the Court for an order of dismissal, noting that this case is stayed as to Healthextras, LLC, pursuant to 11 U.S.C. § 362.

    Plaintiffs distinguish Healthextras, LLC from the remaining defendants in that no other defendant has filed either a motion for summary judgment or an answer.[1] In effect, Plaintiffs argue that the only party entitled to object to a dismissal is Healthextras, LLC and that Rule 41 entitles Plaintiffs to a voluntary nonsuit as to all other defendants. Rule 41 does not explicitly address a

---

[1] Each of the parties has filed separate motions to dismiss. However, Motions to Dismiss are not sufficient to preclude voluntary dismissal under Rule 41. See, e.g., *Zow v. Regions Financial Corp.*, 2014 WL 1117039, *1 (S.D. Ga. 2014).

scenario wherein only one party has filed an answer and this Court finds no Sixth Circuit Court of Appeals cases on point. In the closest case, the court indicated in dicta that Rule 41 contemplates only the dismissal of an entire "action." *Letherer v. Alger Grp., L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003) overruled on other grounds by *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633 (6th Cir. 2008). However, the court expressly declined to comment on the scope of an action under Rule 41. *Id.* Our sister courts have interpreted the term "action" as meaning all claims against an individual defendant, rather than the entirety of all claims against all defendants. *In re Behr Dayton Thermal Products, LLC Litig.*, No. 3:08-CV-326, 2012 WL 559913, at *1 (S.D. Ohio Feb. 21, 2012). In *Behr*, the court held that Rule 41 is appropriate to dismiss a case against one of multiple defendants. The Ninth Circuit likewise interprets Rule 41(a)(1)'s use of the term "action" as referring to the controversy against a particular defendant, rather than the collective case against all named defendants. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (agreeing with the First, Third, and Eighth Circuit's interpretations of the rule). This Court agrees with the *Behr* and *Pedrina* courts and reads Rule 41(a)(1)'s reference to "the opposing party" as distinguishing between each defendant in a given case. Therefore, Plaintiffs are entitled to dismiss the case as to the Defendants who have not filed an answer or motion for summary judgment in this action. See *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.") (citations omitted).

Defendant Healthextras, LLC did serve an answer in this case, so Plaintiff is not entitled to a dismissal as of right. Where a party has served an answer, voluntary dismissal is at the discretion of the court. Rule 41(a)(2). "[V]oluntary dismissal without prejudice is generally appropriate unless the opposing party would suffer 'plain legal prejudice'—as opposed to facing the mere prospect of a second suit." *Hodak v. Madison Capital Mgmt., LLC*, 348 F. App'x 83, 97 (6th Cir. 2009) (citing *Grover by Grover v. Eli Lilly and Co.,* 33 F.3d 716, 718 (6th Cir.1994)). "In determining whether a

defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718. This case was filed on May 27, 2014. [doc. 1]. Healthextras, LLC answered Plaintiffs' Complaint and moved to dismiss the claims on August 5, 2014 [doc. 25], and then filed for bankruptcy on January 9, 2015, thus invoking the automatic stay. [docs. 86-87]. No scheduling order was ever entered in this case. The record thus reflects that this case is still young and Plaintiffs have not delayed prosecution of their cause. Defendant Healthextras, LLC has filed minimal pleadings and has not expended egregious resources or expenses to reach the standard of "plain legal prejudice." Moreover, Plaintiffs represent that the bankruptcy trustee for Healthextras, LLC has consented to the dismissal of the case against it.

Based on the foregoing, Plaintiffs' Motion to Dismiss [doc. 100] is **GRANTED**. This case is hereby **DISMISSED**, without prejudice.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge